WILLIAM DAVIS *et al.*

*v.*

DELPHINA LUSK.

*Opinion filed October 24, 1901.*

1. TRUSTS—*legal title vests in heirs of trustee at his death.* At the death of the trustee in a trust deed the legal title vests *eo instanti* in his heirs, and can only be divested by their voluntary conveyance or by an order of court in a proceeding to which they are parties.

2. SAME—*when deed from trustee appointed by court as a successor in trust is void.* If the heirs of a deceased trustee in a trust deed are not made parties to a proceeding in which a new trustee is appointed, the latter's deed purporting to convey the property is void; nor are the grantors in the trust deed estopped to assert such invalidity because they appeared in the proceeding for appointing the new trustee and consented to the decree.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

JEFFERSON ORR, *pro se* and for other appellant.

WILLIAM MUMFORD, and W. L. COLEY, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

In July, 1900, the circuit court of Pike county entered a decree upon the bill of appellee, against appellants, setting aside a certain deed as a cloud upon the complainant's title, and enjoining the further prosecution of a suit before a justice of the peace in forcible entry and detainer. To reverse that decree appellants prosecute this appeal.

The abstract of the record is very imperfect, and does not comply with the rule of this court as.to an index thereto. As we gather, however, from it and the record, the complainant below, together with her husband, Henry A. Lusk, as early as February 14, 1867, executed and delivered to one D. D. Hicks, as trustee for James Davis, a deed of trust in the nature of a mortgage on lot 8, in block 14, in the town (now city) of Pittsfield, Illinois, to secure the payment of the promissory note of her husband for $2200, of even date with the trust deed, due one year after date. Afterward said note was assigned to the appellant William Davis. In 1897 Hicks, the trustee, died, and William Davis filed a bill in the circuit court of Pike county to have another trustee appointed in his stead, but in that bill he failed to make the heirs of Hicks parties defendant. The complainant and her husband entered their appearance in that suit, and a decree was rendered purporting to appoint the appellant Jefferson Orr as trustee to succeed the said Hicks. In the summer of 1899, Orr, assuming to act as such trustee, advertised the property for sale, and on the 15th of November, 1899, sold the same to the present appellant William Davis, for $7800. Prior to the sale, Henry A. Lusk, husband of the complainant, served on both of the appellants

a written notice that the debt for which the trust deed had been given was paid, and demanded a release of the same. The bill alleges that the deed from Orr to William Davis, in pursuance of the sale of November 15, 1899, is void, for the reason that Orr was not legally appointed trustee, and that the legal title to the premises never vested in him. It also sets up usury; that the debt had been fully paid, and that the trust deed was barred by the Statute of Limitations. The defendants answered the bill, admitting that in the proceeding to appoint a successor in trust for Hicks his heirs were not made parties defendant, and it is, in effect, conceded that the legal title to the premises was not vested by that decree in Jefferson Orr. Counsel for appellants, in his argument, say: "We do not contend that Orr's deed passed title, but we do contend that the bill upon which the decree was rendered appointing Orr, and the decree of his appointment and the admission and consent of Delphina Lusk, constitute a complete and absolute estoppel as against Delphina Lusk, and that she is not permitted to impeach said deed."

We are at a loss to perceive how it can be that Orr's deed to William Davis passed no title, and yet the complainant is estopped to impeach that deed. If counsel means that the proceeding under which Orr was appointed trustee, though irregular, was not absolutely void, and therefore not subject to attack in a collateral proceeding, the answer must be, that in so far as that decree attempted to affect the legal title it was not merely voidable, but absolutely void. Upon the death of Hicks the title *eo instanti* vested in his heirs, and could only be divested by their voluntary conveyance, or an order of court in a proceeding to which they were parties defendant. The mere fact that the complainant and her husband entered their appearance in that suit and consented to a decree as prayed in the bill could not affect the legal title. The decree of the circuit court in this case does

not purport to adjust the account between the parties nor to pass upon the question whether the Statute of Limitations has run against it or not, but simply finds that the deed from Orr to William Davis is void and a cloud upon the title of complainant, and enjoins the further prosecution of the suit in forcible detainer.

Complaint is made by appellants that the decree did not go further and determine the rights of the parties on the mortgage, and counsel for appellee contend in their argument that the evidence in the record sustains the allegations of the bill as to usury, payment of the debt and the bar of the statute; but we are not called upon to decide the case not presented by the decree of the court below for our decision. We think, however, that the circuit court very properly, on the issues made upon this bill, confined its decree to the one question, thus leaving the parties upon a bill to foreclose the mortgage, or other proper proceeding, to determine those questions. Its decree will accordingly be affirmed.

*Decree affirmed.*